UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PPC BROADBAND, INC.,<br><br>        *Plaintiff*,<br><br>-vs-<br><br>**CORNING OPTICAL COMMUNICATIONS RF, LLC,**<br><br>        *Defendant*. | Civil Action No. 14-cv-01170-LEK-DEP<br><br>**JURY TRIAL DEMANDED** |

### DEFEENDANT CORNING OPTICAL COMMUNICATIONS RF, LLC'S ANSWER & COUNTERCLAIM TO PPC'S COMPLAINT

Defendant Corning Optical Communications RF, LLC ("Corning") hereby answers the numbered paragraphs of the Complaint of PPC Broadband, Inc. ("PPC") as follows:

### Nature of Action[1]

1. This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., seeks relief arising out of Corning's infringement of U.S. Patent No. 8,647,136 (the "'136 Patent"), of which PPC is the owner by assignment. A true and correct copy of the '136 Patent is attached hereto as Exhibit A.

> **Answer to Paragraph 1:** Corning admits that this action is brought under the Patent Laws of the United States, 35 U.S.C. §1, *et seq*. Corning admits that a copy of the '136 Patent was attached to the Complaint as Exhibit A. Corning denies that it infringes the '136 Patent. Corning is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.

---

[1] Corning's replication of headings in the Complaint are merely for convenience and are not to be considered admission of their accuracy. Accordingly, Corning denies them on this basis.

EAST\83609560.1

## Parties

2. PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

**Answer to Paragraph 2:** Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.

3. Upon information and belief, Corning is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 5310 W. Camelback Road, Glendale, Arizona.

**Answer to Paragraph 2:** Corning admits that it is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona. Corning denies the remaining allegations of this paragraph.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

**Answer to Paragraph 4:** Corning admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

5. This Court has personal jurisdiction over Corning, which regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of PPC's patents.

**Answer to Paragraph 5:** **Corning admits that this Court has personal jurisdiction over it in this case. Corning denies that it has committed acts of patent infringement in this District and denies the remaining allegations of this paragraph.**

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Answer to Paragraph 6:** **Corning admits that venue over it exists in this district under 28 U.S.C. §§ 1391 and/or 1400. However, Corning denies that this is the most appropriate or convenient forum to exercise jurisdiction over this case. Corning denies the remaining allegations of this paragraph.**

## Factual Allegations

### The Industry

7. PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

**Answer to Paragraph 7:** **Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

8. PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

**Answer to Paragraph 8:** **Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

9. Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.

**Answer to Paragraph 9:** **Corning admits that coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems**

10. PPC's cable connectors are used indoors and outdoors to connect cables from external sources *(e.g.,* a utility pole) to end-user electronic devices.

> **Answer to Paragraph 10:** Corning admits that cable connectors generally can be used indoors and outdoors to connect cables from external sources (e.g., a utility pole) to end-user electronic devices. Corning denies the remaining allegations of this paragraph.

11. Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

> **Answer to Paragraph 11:** Corning admits that some coaxial cable connectors are designed to be installed to create a long-term, reliable connection. Corning denies the remaining allegations of this paragraph.

### The '136 Patent

12. On October 15, 2012, PPC filed a patent application on the invention of Eric Purdy, Noah Montena and Jeremy Amidon, U.S. Patent Application Serial No. 13/652,073 (the "'073 Application"), entitled "Coaxial Cable Connector Having Electrical Continuity Member."

> **Answer to Paragraph 12:** Corning admits that on October 15, 2012, PPC filed a patent application on behalf of purported inventors Eric Purdy, Noah Montena and Jeremy Amidon that was assigned U.S. Patent Application Serial No. 13/652,073 and was entitled "Coaxial Cable Connector Having Electrical Continuity Member." Corning denies the remaining allegations of this paragraph.

13. On February 11, 2014, the '073 Application resulted in the issuance of the '136 Patent. The '136 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '136 Patent.

> **Answer to Paragraph 13:** Corning admits that on February 11, 2014, the '073 Application issued as the '136 Patent, but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States. Corning admits that the '136 Patent purports to be assigned to PPC. Corning is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.

14. PPC has not licensed Corning to practice the '136 Patent and Corning has no right or authority to license others to practice the '136 Patent.

**Answer to Paragraph 14:** Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.

15. Corning has actual notice of its infringement of the '136 Patent at least as a result of the commencement of this action. Additionally, PPC has complied with the patent marking requirements set forth in 35 U.S.C. § 287 with respect to the '136 Patent.

**Answer to Paragraph 15:** This paragraph contains no factual allegations to which a response is required. To the extent a response is required, Corning is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.

## Count I
### (Infringement of the '136 Patent)

16. PPC repeats and reasserts all allegations contained in Paragraphs 1 through 16 above as if they were stated in full herein.

**Answer to Paragraph 16:** Corning incorporates by reference, as fully set forth herein, its responses to paragraphs 1-16 of the Complaint.

17. Corning has infringed at least one claim of the '136 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Corning's UltraShield series connectors that bear model numbers such as GF-URS-59, GF-URS-59-K, GF-URS-59-K-SR, GF-URS-59-SR, GF-URS-6, GF-URS-6-K, GF-URS-6-K-SR, GF-URS-6-SR, GF-URS-6-P-K, and GF-URS-6-P-SR.

**Answer to Paragraph 17:** Corning denies the allegations of this paragraph.

18. Corning's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of goodwill.

**Answer to Paragraph 18:** Corning denies the allegations of this paragraph.

19. Upon information and belief, Corning's unlawful infringing activity will continue unless and until Corning is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 19:**   **Corning denies the allegations of this paragraph.**

20. Corning's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 20:**   **Corning denies the allegations of this paragraph.**

* * *

## GENERAL DENIAL

Except where expressly admitted, each and every allegation contained in the Complaint is denied.  Corning further states that PPC is not entitled to the relief it seeks and is not entitled to any relief.

## CORNING'S DEFENSES

### FIRST DEFENSE

PPC's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Corning does not infringe and has not infringed any valid and enforceable claim of the '136 Patent.

### THIRD DEFENSE

The '136 Patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq*.

### FOURTH DEFENSE

PPC's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel, implied license, unclean hands and/or any other equitable remedy.

### FIFTH DEFENSE

PPC's claims are barred in whole or in part by the doctrine of *res judicata*, the rule against duplicative litigation, and/or claim splitting.

### SIXTH DEFENSE

PPC's claims are barred in whole or in part by the doctrine of collateral estoppel.

### SEVENTH DEFENSE

Corning has engaged in all relevant activities in good faith, thereby precluding PPC, even if it prevails, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. 285.

### EIGHTH DEFENSE

PPC's claim for damages is barred in whole or in part by the doctrine against double recovery.

## NINTH DEFENSE

PPC is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable injury.

## TENTH DEFENSE

By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that ultimately led to the issuance of the '136 Patent, as well as the during the prosecution of patent applications related to the '136 Patent, PPC is estopped from asserting that any claim of this patent is infringed by Corning under the Doctrine of Equivalents.

## ELEVENTH DEFENSE

Corning reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM

21. Pursuant to FED. R. CIV. P. 13, Counter-Plaintiff, Corning Optical Communications RF, LLC ("Corning") complains and alleges against Counter-Defendant, PPC Broadband, Inc. ("PPC"), as follows:

## NATURE OF THE LAWSUIT

22. This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

## PARTIES

23. Corning is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.

24. The Complaint alleges that PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under FED. R. CIV. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

26. Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by PPC in this case and pursuant to 28 U.S.C. §§ 1367 and 1391(b).

27. This Court has personal jurisdiction over PPC, *inter alia*, because PPC has submitted to personal jurisdiction herein by filing its Complaint in this Court.

## COUNT I
## DECLARATORY JUDGMENT

28. Corning re-alleges and incorporates herein the foregoing responses and allegations.

29. By virtue of the Complaint filed by PPC in this action, there is an actual and justiciable controversy between Corning and PPC concerning infringement of the '136 Patent. A judicial declaration is needed and is appropriate to resolve this controversy.

30. Corning seeks a declaration that the products made, used, imported, sold or offered for sale by Corning have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '136 Patent for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

31. This case qualifies as an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Corning respectfully requests that this Court:

A. Dismiss PPC's Complaint with prejudice;

B. Order and adjudge that Corning has not infringed any valid, enforceable claims of the '136 Patent;

C. Order and adjudge that the '136 Patent is invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq.*;

D. Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award Corning its reasonable attorney's fees; and

E. Grant Corning such further relief as this Court deems just and appropriate.

## JURY DEMAND

Corning hereby demands a jury trial on all issues so triable in this case.

Respectfully submitted,

Dated: October 8, 2014

**DLA PIPER LLP (US)**
**HARTER SECREST & EMERY LLP**

By: /s/ Andrew N. Stein

| | |
|---|---|
| Jerauld E. Brydges (Bar Roll No. 511646) | Joseph P. Lavelle (Bar Roll No. 517129) |
| David M. Lascell (Bar Roll No. 301665) | Andrew N. Stein (Bar Roll No. 514620) |
| **HARTER SECREST & EMERY LLP** | **DLA PIPER LLP (US)** |
| 1600 Bausch & Lomb Place | 500 Eighth Street, NW |
| Rochester, NY  14604-2711 | Washington, D.C.  20004 |
| Telephone: (585) 232-6500 | Telephone: (202) 799-4000 |
| Facsimile: (585) 232-2152 | Facsimile: (202) 799-5000 |
| E-Mail: jbrydges@hselaw.com | E-Mail: joe.lavelle@dlapiper.com |
| E-Mail: dlascell@hselaw.com | E-Mail: andrew.stein@dlapiper.com |

*Attorneys for Defendant Corning Optical Communications RF, LLC*

EAST\83609560.1

11

## **CERTIFICATE OF SERVICE**

I certify that on October 8, 2014, I caused Defendant Corning Optical Communications RF, LLC's Answer and Counterclaim to the Complaint to be filed electronically with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

Dated:  October 8, 2014

By:  /s/ Andrew N. Stein

EAST\83609560.1