UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**PPC BROADBAND, INC.,**

        *Plaintiff*,

    vs.                                      Civil Action No.
                                                5:14-cv-01170-GLS-DEP

**CORNING OPTICAL COMMUNICATIONS
RF, LLC,**

        *Defendant.*

## JOINT CLAIM CONSTRUCTION STATEMENT

       Pursuant to Attachment A to the Uniform Pretrial Scheduling Order, Local Patent Rule 4.4, and the Court's Text Minute Entry dated February 12, 2015 granting the parties permission to request construction of up to eighteen (18) terms and/or phrases, the plaintiff, PPC Broadband, Inc., and the defendant, Corning Optical Communications RF, LLC, hereby submit the following joint claim construction statement identifying the terms and phrases of U.S. Patent No. 8,647,136 (the "'136 Patent") that one or both of the parties believe require construction by the Court.

       (1) Exhibit A to this statement sets forth the parties' proposed construction of each term, together with an identification of all references from the intrinsic evidence that support that construction, and an identification of any extrinsic evidence known to the parties upon which they intend to rely either to support their proposed construction or to oppose the other party's proposed construction. Exhibit A also includes the full text of the asserted claims and highlights where in those claims the disputed terms and phrases can be found.

       (2) The disputed claim terms and phrases listed in Exhibit A are the terms of significance that one of both of the parties believe are necessary to construe in order resolve the dispute in

this case concerning the parties' allegations of infringement and invalidity. The Court's construction of the disputed terms or phrases in the independent asserted claims for which Corning has raised an indefiniteness challenge (as indicated in Exhibit A) could be case or claim dispositive were the Court to find one or more of those terms indefinite. It is not clear to the parties at this point whether the Court's construction would be substantially conducive to promoting settlement.

(3)  The parties anticipate that they will need several hours for the Claim Construction Hearing.

(4)  Neither party will call any live witnesses at the Claim Construction Hearing.

**DATED:** February 20, 2015

|  **DLA PIPER LLP** | **HISCOCK & BARCLAY, LLP** |
|---|---|
| By: ___s/Joseph P. Lavelle_____<br>     Joseph P. Lavelle (*pro hac vice*)<br>     Andrew N. Stein (*pro hac vice*) | By: _s/Douglas J. Nash_____<br>     Douglas J. Nash (511889)<br>     John D. Cook (511491)<br>     M. Eric Galvez (518043)<br>     Bella S. Satra (518204) |
| 500 Eighth Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 799-4782<br>Facsimile: (202) 799-5022<br>E-Mail: joe.lavelle@dlapiper.com<br>E-Mail: andrew.stein@dlapiper.com | Office and Post Office Address<br>One Park Place<br>300 S. State Street<br>Syracuse, New York 13202<br>Telephone:(315) 425-2700<br>Facsimile: (315) 425-2701<br>E-Mail:   dnash@hblaw.com<br>          jcook@hblaw.com<br>          mgalvez@hblaw.com<br>          bsatra@hblaw.com |
| *Attorneys for Defendant*<br>Corning Optical Communications RF, LLC | *Attorneys for Plaintiff*<br>PPC Broadband, Inc. |

## **CERTIFICATE OF SERVICE**

      I, Douglas J. Nash, certify as counsel for plaintiff PPC Broadband, Inc., that on this 20th day of February 2015, I caused to be filed a copy of the foregoing document, as well as the accompanying documents, with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

                                                                                            s/ Douglas J. Nash
                                                                                              Douglas J. Nash